UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN LARRY SORIANO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY BEARD, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:14-cv-01047-MJS<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A COGNIZALBE CLAIM<br><br>(ECF NO. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.　PROCEDURAL HISTORY**

Plaintiff Dean Larry Soriano, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 3, 2014. (ECF No. 1.) His complaint is now before the Court for screening.

**II.　SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

1

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**III.     SUMMARY OF COMPLAINT**

Plaintiff names Jeffrey Beard, Secretary of the California Department of Corrections and Rehabilitation and P.D. Brazelton, Warden, Pleasant Valley State Prison (PVSP), as Defendants and alleges essentially the following:

On January 31, 2010, correctional officers Gonzalez and Johnson conducted a random search of Plaintiff's cell and discovered a rusted nail, identified on the cell search receipt as an eight inch metal shank, taped underneath his cell door. (Compl. at 4.) Plaintiff was taken to a holding cage and interviewed by officer Parks. He denied knowing anything about the weapon. Approximately 200 inmates in Plaintiff's building had access to the underside of Plaintiff's door.

Plaintiff was issued a Rules Violation Report (RVR) for weapon possession. A report attached to the RVR and authored by officer Parks incorrectly stated that Plaintiff admitted the shank was his. Plaintiff requested that the shank be tested for fingerprints and that officer Parks be called as a witness regarding his false statement. (Id. at 5.) Officer Duty was assigned as the investigative employee and interviewed officers Gonzalez, Johnson, and Parks. Duty reported that Officers Gonzalez and Johnson confirmed that all inmates had access to the underside of Plaintiff's door, open or closed. Duty's report also stated that officer Parks had said that Plaintiff admitted the shank was his.

On March 25, 2011, Plaintiff appeared for a hearing on the weapons charge. Plaintiff renewed his requests for a fingerprint test and that officer Parks be called as a witness. (Id. at 6.) Hearing officer Perry denied Plaintiff's requests and found him guilty.

(Id. at 6, 7.)  Plaintiff asserts that he was denied his due process rights under the Fourteenth Amendment.  (Id. at 4.)

## IV.  ANALYSIS

### A.  Section 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

### B.  Section 1983 Linkage Requirement

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a

3

plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Secretary Beard and Warden Brazelton are the only named Defendants, but neither is mentioned in Plaintiff's factual allegations and no wrongdoing is attributed to them. The Complaint describes the alleged violation but not how either Defendant might be responsible for it. Plaintiff cannot state a cognizable claim against a defendant without setting forth specific facts as to the conduct that proximately caused a violation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). The mere fact that a defendant may have supervised the individuals responsible for a violation is not enough. The Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has failed to link any of the Defendants to the alleged violation of his rights and therefore has failed to state a claim. The Court will provide an opportunity to amend. To state a cognizable claim, Plaintiff must demonstrate that each Defendant personally took some action that violated Plaintiff's constitutional rights. The following

section includes legal standards that may be applicable to the claim Plaintiff appears to want to assert.

### C. Due Process

"Under the Fourteenth Amendment's Due Process Clause, a prisoner is entitled to certain due process protections when he is charged with a disciplinary violation." Serrano v. Francis, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing Wolff v. McDonnell, 418 U.S. 539, 564-71 (1974)).  With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are:  (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex.  Wolff, 418 U.S. at 563-71.  As long as the five minimum Wolff requirements are met, due process has been satisfied.  Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987).  The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached . . . ."  Hill, 472 U.S. at 455-56 (emphasis added).

## V. CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief.  The Court will grant Plaintiff an opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts

5

1  resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff
2  must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"
3  Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate
4  that each named Defendant personally participated in a deprivation of his rights. Jones
5  v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

6       Plaintiff should note that although he has been given the opportunity to amend, it
7  is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th
8  Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on
9  curing the deficiencies set forth above.

10      Finally, Plaintiff is advised that Local Rule 220 requires that an amended
11 complaint be complete in itself without reference to any prior pleading. As a general
12 rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
13 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint
14 no longer serves any function in the case. Therefore, in an amended complaint, as in an
15 original complaint, each claim and the involvement of each defendant must be
16 sufficiently alleged. The amended complaint should be clearly and boldly titled "First
17 Amended Complaint," refer to the appropriate case number, and be an original signed
18 under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P.
19 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a
20 right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations
21 omitted).

22      Accordingly, it is HEREBY ORDERED that:

23      1.    The Clerk's Office shall send Plaintiff a blank civil rights complaint form;

24      2.    Plaintiff's Complaint is dismissed for failure to state a claim upon which
25 relief may be granted;

26      3.    Plaintiff shall file an amended complaint within thirty (30) days; and

27
28

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:  September 2, 2014          /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE